UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN JEROME JOHNSON, #154867,

    Plaintiff,

                                        CASE NO. 2:20-CV-10885

v.

                                        HON. ARTHUR J. TARNOW

ROBERT L. LEVI, et al.,

    Defendants.

_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

### I.

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Kevin Jerome Johnson ("Plaintiff"), currently confined at the Michigan Reformatory in Ionia, Michigan, challenges the validity of his state criminal proceedings, namely his inability to pursue a direct appeal in the state courts with the assistance of counsel. Plaintiff was convicted of first-degree retail fraud pursuant to a plea in the Oakland County Circuit Court and was sentenced as a fourth habitual offender to 2 to 20 years imprisonment in 2010. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System, http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=154867.

*Johnson v. Levi, et al.*
Case No. 2:20-CV-10885
Page 2 of 6

Plaintiff names criminal appellate defense attorneys, Robert L. Levi, Neil J. Leithauser, and Suzanna Kostovski, as well as the Michigan Assigned Appellate Counsel System ("MAACS"), as the defendants in this action and sues them in their official and individual capacities. He seeks to file a delayed application for leave to appeal and/or a trial court motion in the state courts with the assistance of counsel, monetary damages, and any other appropriate relief. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. For the reasons stated herein, the Court concludes that the civil rights complaint must be dismissed and that an appeal cannot be taken in good faith.

II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While notice pleading does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id*. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege

that: (1) he or she was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

III.

As noted, Plaintiff challenges the validity of his state criminal proceedings in his complaint, essentially alleging that he was not provided a proper direct appeal with the appointment of counsel and that his criminal appellate defense attorneys failed to properly represent him in post-conviction proceedings.

Plaintiff's complaint against criminal appellate defense attorneys Levi, Leithauser, and Kostovski, must be dismissed because those attorneys are not state actors subject to suit under § 1983. It is well-settled that appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. *Polk Co. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes."). Plaintiff's complaint against defendants Levi, Leithauser, and Kostovski must be dismissed.

Plaintiff's complaint against defendant MAACS is also subject to dismissal. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). MAACS is a state agency and is thus entitled to sovereign immunity. *See Maldonado v. Bunting*, No. 13-12857, 2013 WL 3762621, *2 (E.D. Mich. July 17, 2013) (dismissing claims against MAACS based upon sovereign immunity); *Brown v. Michigan*, No. 08-10322, 2008 WL 920131, *5 (E.D. Mich. April 3, 2008) (adopting report and recommendation holding that MAACS has sovereign immunity). Plaintiff's complaint against MAACS must therefore be dismissed.

IV.

For the reasons stated, the Court concludes that Plaintiff's civil rights complaint must be dismissed because defendants Levi, Leithauser, and Kostovski are private attorneys and not state actors subject to suit under § 1983 and because the MAACS is a state agency entitled to sovereign immunity. If Plaintiff seeks to bring a suit alleging that he has been unlawfully incarcerated, because he was afforded inadequate appellate rights, he must bring a suit for habeas corpus under 18 U.S.C. § 2254. This suit, a § 1983 suit against his attorneys, cannot bring Plaintiff his desired relief.

Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint. The Court also concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

                _s/Arthur J. Tarnow_____
                ARTHUR J. TARNOW
                UNITED STATES DISTRICT JUDGE

Dated: May 14, 2020